SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MATTHEW W. HOLDER, Cal Bar No. 217619
mholder@sheppardmullin.com
AMANDA B. ZEMEL, Cal Bar No. 339468
azemel@sheppardmullin.com
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:   858.720.8900
Facsimile:   858.509.3691

Attorneys for Plaintiff GKN Aerospace
Chem-tronics, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GKN Aerospace Chem-tronics, Inc., a California corporation,<br><br>   Plaintiff,<br><br>  v.<br><br>Kentucky Rebuild Corp., dba KRC Machine Tool Solutions, a Kentucky Corporation; and DOES 1 - 10, inclusive,<br><br>   Defendants. | Case No. **'24CV1398 GPC DEB**<br><br>**COMPLAINT FOR:**<br><br>**1. COMMON COUNT – MISTAKEN RECEIPT**<br>**2. COMMON COUNT – MONEY HAD AND RECEIVED**<br>**3. CONVERSION**<br>**4. BREACH OF CONTRACT**<br>**5. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

-1-

Case No.

COMPLAINT

Plaintiff GKN Aerospace Chem-tronics, Inc., a California corporation ("Plaintiff" or "GKN"), brings this complaint against Defendant Kentucky Rebuild Corp., dba KRC Machine Tool Solutions, a Kentucky corporation ("Defendant" or "KRC"), and Does 1-10 (collectively "Defendants"), and alleges as follows:

## I.

## NATURE OF ACTION

1.      This case arises out of KRC's groundless refusal to return to GKN a duplicate payment made by GKN in error.  KRC issued a single invoice to GKN for a contract termination fee in the amount of $1,904,767.76, but GKN accidentally paid the invoice twice.  Even though the error was brought to KRC's attention, with GKN demanding the return of the additional $1,904,767.76 mistakenly paid by GKN, KRC has refused to return the money to GKN without any proper basis. GKN brings this action to secure a return of its accidental double payment, and all related remedies available under the law.

## II.

## THE PARTIES

2.      GKN is a California corporation with its principal place of business located in El Cajon, California.  GKN operates a business that provides engineering, manufacturing, and repair products and services in the commercial and military aerospace sector.

3.      KRC is a Kentucky corporation with its principal place of business located in Independence, Kentucky.  KRC provides maintenance and repair services for a variety of equipment and machinery, including aerospace equipment.  KRC has served as a contract vendor to GKN.

4.      The true names and capacities of Does 1 through 10 are unknown to GKN at this time, and GKN therefore sues such Defendants by fictitious names. When their true names and capacities have been ascertained, GKN will seek to amend its Complaint to identify them.

-2-

Case No.

SMRH:4881-0858-1588

COMPLAINT

## III.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Venue is proper in the Southern District of California under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims, and the resulting injury to GKN, occurred in this district.

## IV.

## FACTUAL BACKGROUND

7.      On July 21, 2017, GKN and KRC entered into a Master Services Agreement ("Agreement").  A true and correct copy of the Agreement is attached hereto as Exhibit 1.

8.      Section 12 of the Agreement addresses termination of the Agreement. In particular, Section 12.4 allows either GKN or KRC to terminate the agreement without cause, provided 90 days' written notice is provided.  Section 12.4 also states that if GKN terminates the Agreement pursuant to this provision, and KRC is not in material breach of the Agreement, then GKN shall pay KRC "a cancellation fee equal to two months of the current basic Monthly Fee due prior to the termination date."

9.      On or about November 3, 2023, GKN gave KRC notice that it was terminating the Agreement for convenience pursuant to Section 12.4.  The termination was to be effective on February 1, 2024.

10.      On January 1, 2024, KRC issued Invoice No. 16988 to GKN, with payment due by January 31, 2024 (the "Invoice").  The Invoice was for $1,904,767.76, with the following description: "Cancelation Fee Equal to Two Months of the Current Basic Monthly Fee Due Prior to the Termination Date."  This termination fee is consistent with Section 12.4 of the Agreement.  A true and correct

-3-

Case No.

COMPLAINT

copy of Invoice No. 16988 is attached hereto as Exhibit 2.

11. KRC utilized Citi's Supplier Finance service to issue invoices to and receive payments from GKN. On information and belief, KRC had an agreement with Citi for the use of this service, the terms of which provided for KRC to be paid automatically once it uploaded an invoice to Citi's system.

12. On information on belief, Citi Supplier Finance paid the Invoice on January 31, 2024, such that KRC received the payment of $1,904,767.76.

13. On information and belief, Citi Supplier Finance paid the Invoice a second time on February 6, 2024, such that KRC received a second, duplicate payment of $1,904,767.76 for the same Invoice.

14. GKN is informed and believes that the duplicate payments resulted from the fact that GKN manually uploaded the Invoice to ensure it was paid January 31, 2024, and no earlier, believing that this would override and supersede any other scheduled payment of the Invoice by Citi Supplier Finance. GKN was informed and believed that Citi Supplier Finance had a system in place to prevent duplicate payments on the same invoice.

15. GKN first discovered the mistaken duplicate payment in late June 2024, when Citi Supplier Finance passed the duplicate charges onto GKN. In particular, on June 28, 2024, a total of $3,809,535.52 was withdrawn from GKN's account based on Citi Supplier Finance having previously paid KRC twice for the Invoice.

16. GKN did not intend for KRC to be paid twice for the Invoice. Nor did GKN intend to pay KRC two termination fees pursuant to Section 12.4 of the Agreement.

17. KRC was not entitled to be paid twice for the Invoice. Nor was KRC entitled to be paid two termination fees pursuant to Section 12.4 of the Agreement.

18. KRC calculated the termination fee under the Agreement as $1,904,767.76, and invoiced this amount to GKN. Yet as a result of the mistaken

duplicate payment, KRC instead received a total payment of $3,809,535.52 on the Invoice.

19.    On June 28, 2024, GKN notified KRC that a second, duplicate payment of $1,904,767.76 had been made by mistake in response to the Invoice, and asked KRC to return the duplicate amount to GKN.  GKN has since repeatedly demanded that KRC return the duplicate payment on the Invoice.  KRC, however, has refused to return the additional $1,904,767.76 to GKN.  Nor has Citi Supplier Finance returned this money to GKN.

20.    There is no legitimate, good faith reason for KRC to retain the second payment of $1,904,767.76, which was clearly an erroneous duplicate payment of an invoice that had already been paid in full.

## FIRST CAUSE OF ACTION

### (Common Count – Mistaken Receipt)

21.    GKN incorporates by reference the allegations in each of the preceding paragraphs, as though fully set forth herein.

22.    GKN paid a duplicate termination fee to KRC by mistake.  Specifically, GKN inadvertently caused a second payment of $1,904,767.76 to be made to KRC for the Invoice, which GKN had already caused to be paid on January 31, 2024.

23.    GKN was the ultimate source of the funds paid to KRC for the Invoice, in that Citi Supplier Finance paid KRC in the first instance, and then later withdrew the matching amounts from GKN's bank account.

24.    KRC does not have a right to retain the additional $1,904,767.76 it received from GKN.

25.    GKN informed KRC that the duplicate payment of $1,904,767.76 was a mistake and asked KRC to return the money paid by mistake.

26.    KRC has not returned to GKN the money paid by mistake.  As a result, KRC continues to owe GKN $1,904,767.76.

Case No.

SMRH:4881-0858-1588

COMPLAINT

## SECOND CAUSE OF ACTION

### (Common Count – Money Had and Received)

27.    GKN incorporates by reference the allegations in each of the preceding paragraphs, as though fully set forth herein.

28.    On January 31, 2024, KRC received a payment of $1,904,767.76 for the Invoice.  On February 6, 2024, KRC received a second, duplicate payment of $1,904,767.76 for the Invoice by mistake.

29.    Both of the above payments on the Invoice were ultimately made with GKN's money, in that Citi Supplier Finance paid KRC in the first instance, and then later withdrew the matching amounts from GKN's bank account.

30.    The money paid in the duplicate payment was not intended to be used by KRC, for KRC's benefit.  Instead, the money paid in the duplicate payment was GKN's money, intended to be used by GKN for its own benefit.  The money paid in the duplicate payment was only paid to KRC by mistake.  GKN was only obligated to pay one termination fee of $1,904,767.76, but mistakenly paid twice.  The second payment was not used as a termination fee by KRC because that fee had already been paid.  Instead, KRC has retained the duplicate payment without justification and used it to unjustly enrich itself to the detriment of GKN.

31.    Despite GKN's request for KRC to return the mistaken duplicate payment, KRC has not returned, and has refused to return, the second payment of $1,904,767.76 to GKN.

## THIRD CAUSE OF ACTION

### (Conversion)

32.    GKN incorporates by reference the allegations in each of the preceding paragraphs, as though fully set forth herein.

33.    GKN mistakenly caused a duplicate payment of $1,904,767.76 to be made to KRC.  Prior to the duplicate payment, GKN possessed and had a right to possess this money.

-6-

Case No.

COMPLAINT

34.    KRC was not entitled to receive a second payment of $1,904,767.76 from GKN.  After GKN discovered that the duplicate payment was made and charged to GKN by Citi Supplier Finance, it informed KRC of the mistake and asked KRC to return the additional amount.

35.    KRC has substantially interfered with GKN's property by knowingly or intentionally refusing to return the duplicate payment of $1,904,767.76 after GKN demanded its return.

36.    GKN did not consent to KRC retaining the duplicate payment.

37.    As a direct and proximate result of KRC's refusal and failure to return the duplicate payment, GKN has been harmed in that it has been deprived of $1,904,767.76.

38.    KRC's conduct alleged above was willful, wanton, malicious, oppressive, and undertaken with the intent to defraud, such that GKN is entitled to an award of punitive damages.

## FOURTH CAUSE OF ACTION

### (Breach of Contract)

39.    GKN incorporates by reference the allegations in each of the preceding paragraphs, as though fully set forth herein.

40.    GKN and KRC entered into the Master Services Agreement on July 21, 2017.  The Agreement contains a termination provision in Section 12.

41.    GKN performed all obligations required of it under the Agreement.  In particular, GKN complied with the requirements of the Agreement's termination provision, including by providing notice and paying a termination fee of $1,904,767.76 to KRC.  After paying the termination fee, GKN mistakenly made a second payment of $1,904,767.76 to KRC.  Once GKN discovered the mistake, it asked KRC to return the duplicate payment.  KRC, however, refused to return the additional payment to GKN.

42.    KRC breached the Agreement by improperly retaining the duplicate

-7-
SMRH:4881-0858-1588
COMPLAINT

payment of $1,904,767.76, which it was not entitled to receive under the terms of the Agreement.  At most, KRC was entitled to receive a termination fee of $1,904,767.76, as invoiced.  Yet by its actions and refusal to return the duplicate payment, KRC is, in effect, trying to be paid a termination fee of $3,809,535.52, in breach of the Agreement.

43.   As a direct and proximate result of KRC's breach, GKN has been damaged in an amount according to proof.

### FIFTH CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

44.   GKN incorporates by reference the allegations in each of the preceding paragraphs, as though fully set forth herein.

45.   GKN and KRC are parties to the Master Services Agreement dated July 21, 2017.

46.   GKN performed all obligations required of it under the Agreement.  In particular, GKN complied with the requirements of the Agreement's termination provision, including providing notice and paying a termination fee of $1,904,767.76 to KRC.  After paying the termination fee, GKN mistakenly made a second payment of $1,904,767.76 to KRC.  Once GKN discovered the mistake, it asked KRC to return the duplicate payment, but KRC refused.

47.   KRC has prevented GKN from receiving the benefits of the Agreement's termination provision by refusing to return the duplicate payment of $1,904,767.76 to GKN, despite the fact it was made by mistake and KRC has no right to the second payment.  By doing so, KRC is essentially requiring GKN to pay double the contracted-for termination fee.

48.   By refusing to return the duplicate payment, KRC is not acting fairly or in good faith.

49.   As a direct and proximate result of KRC's breach, GKN has been damaged in an amount according to proof.

-8-

Case No.

COMPLAINT

# V.

# PRAYER FOR RELIEF

WHEREFORE, GKN prays for judgment against KRC, and DOES 1 through 10, as follows:

1. For restitution and disgorgement of the duplicate payment of $1,904,767.76;

2. For general, special, and compensatory damages in an amount according to proof at trial, including the cost of securing a return of the duplicate payment, and damages flowing from the lost use of the duplicate payment;

3. For punitive damages;

4. For an accounting by KRC of all amounts received either directly or indirectly from GKN in connection with the Invoice and/or Section 12.4 of the Agreement;

5. For a constructive trust of the duplicate payment made on the Invoice;

6. For reasonable attorneys' fees and costs;

7. For pre-judgment and post-judgment interest at the applicable legal rate;

8. For such other and further relief as the Court deems just and proper.

Dated: August 6, 2024

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____/s/ Matthew W. Holder_____
MATTHEW W. HOLDER
AMANDA B. ZEMEL

Attorneys for Plaintiff
GKN Aerospace Chem-tronics, Inc.

Case No.

SMRH:4881-0858-1588

COMPLAINT

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), GKN hereby demands a jury trial on all issues triable as of right to a jury.

Dated: August 6, 2024

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      */s/ Matthew W. Holder*

MATTHEW W. HOLDER
AMANDA B. ZEMEL

Attorneys for Plaintiff
GKN Aerospace Chem-tronics, Inc.

-10-

Case No.

COMPLAINT